BOUTALL, Judge.
This case involves the interpretation of a release given by a landlord to his tenant upon mutual cancellation of a lease.
Emile J. Spalitta leased a portion of a building from its owner, Albert J. Ortte, who subsequently sold the building to petitioner, Joseph M. Costello. The lease was for a term of five years with renewal privileges and contained a clause providing that at the expiration of the lease the lessee shall return the building to its original configuration as it existed prior to the execution of the lease, at the expense of the lessee. Spalitta was operating a training school for hairstylists, etc., and had made a number of plumbing installations as well as partition changes in order to accommodate his business. Most of these installations were of value only to people engaged in that type of operation. The basic question presented in this suit is who shall bear the costs of restoring the building to its prior condition.
After Costello purchased the building it became known to him that Spalitta was interested in buying a building in which to move his operation, and the parties began negotiations with the aim of reaching a mutually beneficial result: Spalitta’s obligations under the lease would be cancelled and he would move into a premises which he would own and his erstwhile rental payments would provide equity in his building; Costello would be able to lease the premises he owned to other tenants at a higher rental. As a result of these negotiations it was decided that the lease should be cancelled and in connection therewith Costello sent to Spalitta a letter dated July 24, 1979, in which he stated:
“This letter will serve to verify that if you desire to vacate the premises of 4539 1-10 Service Road during the course of your lease, that I have no desire to pursue the matter other than that you give me at least 60 days notice of the date you intend to leave, and that you pay me the rent due through the last day of the month that you leave.”
It is this letter which forms the crux of the disagreement between the parties. Costello is suing Spalitta for the expense of replacing the building in its original condition under the terms of the lease. Spalitta defends contending that the letter quoted above was a release of all claims under the lease, including these expenses, and thus he owes nothing. To this Costello rejoins that the letter was not the entire agreement between the parties; that the parties had already agreed upon the cancellation of the lease and Spalitta had agreed to undertake the repairs; that this letter was sent to *826 Spalitta at his specific request, that he needed a written agreement stating that he would not be called upon to pay continuing rentals to show others to aid the completion of his credit transactions in purchasing his new building.
There is a direct conflict between the testimony of the parties on these points and the trial judge noted that he believed Costello and his witnesses and disbelieved Spal-itta’s account of the matter. The trial judge noted that the testimony of plaintiff and his witnesses were supported by the actions taken by the parties, especially the fact that Spalitta began making the agreed upon repairs to the premises, and that work was stopped as a result of some problem in obtaining the continued services of the plumbing contractor.
When there is evidence before the trial judge which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial judge’s finding, on review we should not disturb these findings in the absence of manifest error, or, unless they are clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In this case, we cannot say that the trial court is in error in its finding. Accordingly, we find that the document was not given to be a complete resolution of the matters at issue between the parties, but was given only for the specific limited purpose of absolution from payment of future rentals in order to assist the defendant with his credit negotiations. It does not cover the issue of restitution of the building to its original condition, and defendant-lessee is still responsible for those expenses.
For the foregoing reasons, the judgment is affirmed at appellant’s costs.
AFFIRMED.